UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

```
**************************************
                                      *
UNITED STATES                         *
                                      *
        V.                            *    Criminal No. 1:15-CR-00179-SM
                                      *
JUDITH BAYLY                          *
                                      *
**************************************
```

### DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR A BOOKER VARIANCE

NOW COMES the Defendant, Judith Bayly, by and through counsel, Jaye L. Rancourt, Esq., of Brennan Lenehan Iacopino & Hickey, and submits this Sentencing Memorandum and Motion for a non-guideline sentence pursuant to the Court's discretionary sentencing authority under United States v. Booker and United States v. Phan Phan, 125 S.Ct. 738 (2005), as well as the various sentencing factors contained within 18 U.S.C. §3553.

Specifically, Ms. Bayly requests this Honorable Court sentence her to a term of probation for 1 year, restitution in the amount of $100 a month and a special assessment of $200.

### Objections to factual statements and Guideline application in Presentence Investigation Report

Ms. Bayly has made numerous objections to factual statements contained in the PSR.

### Authority to Issue a Sentence outside the Advisory Guideline Range

United States. v. Booker, 543 U.S. 220, 126 S. Ct. 738 (2005), authorizes this Court to impose a non-guideline sentence. Although the sentencing process must commence with a guideline calculation, the United States Sentencing Guidelines are merely advisory, and district courts are required to consider all of the factors listed in 18 U.S.C. §3553(a) in imposing sentence. Gall v.

1

United States, 128 S.Ct. 586, 596-97 (2007); Kimbrough v. United States, 552 U.S. 85 (2007); Booker, 543 U.S. at 262; United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008) ("A district court should begin its sentencing analysis with the advisory guidelines calculation, then its "next steps should include hearing argument from parties as to the proper sentence in a particular case, weighing the applicability of the sundry factors delineated in 18 U.S.C. §3553(a), reaching an ultimate sentencing determination, and explicating that decision on the record.") (citing, Gall, 128 S.Ct. at 596-97). The paramount directive in 18 U.S.C. §3553(a) is that the Court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the purposes underlying the sentencing statute. 18 U.S.C. §3553(a). Section 3553(a) directs sentencing courts to consider a number of factors, *inter alia*:

> (1) the nature and circumstances of the offense and the history and characteristics of
>
> the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical
>
> care, or other correctional treatment in the most effective manner.

Id. The importance of, and rationale for, the post-Booker and Gall sentencing procedure described above has been summarized by the First Circuit Court of Appeals as follows:

> This sequencing necessitates a case-by-case approach, the hallmark of which is flexibility. In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. Rather, the court "should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

Martin, 520 F.3d at 91 (citing Gall, 128 S.Ct. at 598).

In support of the sentence requested in the above outlined sentence, Ms. Bayly points this Court to the following factors in support of this request for a non-guideline sentence pursuant to the sentencing factors contained within 18 U.S.C. §3553:

A.  Ms. Bayly has a minor prior criminal record.

B.  Ms. Bayly suffers from serious medical conditions which would render it difficult for her to be incarcerated.

C.  Ms. Bayly is struggling financially and requests time to pay funds owed to the Government.

D.  A sentence of probation significant sentence and will serve to deter future criminal conduct by Ms. Bayly.

## Criminal History

Ms. Bayly has a very minor criminal record resulting in a Criminal History Category of I. She has one prior conviction for Welfare Fraud out of Belknap County in New Hampshire. This offense occurred at the age of 61. This is around the same time that the instant offense was committed. Ms. Bayly was financially in a bad place and making poor decisions due to her financial struggles.

## Medical Conditions

The PSIR notes that Ms. Bayly has been diagnosed with diabetes, hypertension, asthma, hyperlipidemia, sleep apnea, obesity and atrioventricular block which requires a pace maker. PSR ¶ 45. The PSIR notes that Ms. Bayly's medications include: Novolin, Lantus, Metformin, Advair Diskus, Epipen, Metoprolol Tartrate, Lisinopril, Crestor, Ventolin HFA, Isosorbide Mononitra and baby aspirin. PSR ¶ 46. Ms. Bayly also suffers from various mental health conditions for which she is currently in counseling. PSR ¶ 47.

In December of 2016, Ms. Bayly was seen at Maine Coast Memorial Hospital for an acute asthma attack.  At that time her principal diagnosis was seizure disorder.  The doctors notes that other diagnosis include:  acute hypercarbic hypoxemic respiratory failure, obstructive sleep apnea, Paroxysmal atrial fibrillation, morbid obesity, hyperlipidemia, degenerative disk disease with history of spinal stenosis and spondylolisthesis, degenerative joint disease, bilateral carpal tunnel syndrome, umbilical hernia, polycystic ovarian syndrome, hypertension, hypercholesterolemia as well as a history of bladder cancer.  Ms. Bayly was admitted to the hospital for monitoring and ultimately released.  However, she reports that she's been on oxygen constantly since that time.

Any period of incarceration for Ms. Bayly would be detrimental to her health as well as a burden on the system.  She is not a danger to society nor to herself and can be safely supervised in her community.

**Financial Arrangements**

Ms. Bayly does not have the financial ability to pay a fine nor to pay any forfeiture judgment all at once.  While the PSR notes that Ms. Bayly is currently receiving alimony of $3600 a month, that payment will terminate in the spring of 2017.  Ms. Bayly will not be eligible for Medicare until June of 2017.  She continues to incur debt associated with her medical needs for which she is currently uninsured.  Her home has recently been placed on the market for sale in order to satisfy her debts, however when sold it will result in Ms. Bayly being elderly, ill and homeless.

United States Probation offers that Ms. Bayly has disposable income in the amount of approximately $200 a month.  PSR ¶56.  However, these figures are premised upon her receipt of

alimony in the amount of $3600, which will cease shortly. Ms. Bayly can pay $100 a month to satisfy her financial obligations to the Government.

## Conclusion

The requested sentence of 1 year of probation, no fine, an order of restitution in the amount of $100 and $200 special assessment adequately takes into account those sentencing factors as outlined in 18 U.S.C. §3553 and is an adequate and fair sentence. This sentence promotes respect for the law, provides punishment for the offense, deters further criminal conduct, and protects the public from further crimes. This sentence provides just punishment for Ms. Bayly.

WHEREFORE, for the reasons articulated above, Ms. Bayly requests this Honorable Court:

A. Sentence her to 1 year of probation, no fine, an order of restitution of $100 a month and a $200 special assessment; and

B. Grant such other relief as justice and equity may require.

> Respectfully submitted,
> Judith Bayly, Defendant
> By her Attorneys,
> BRENNAN LENEHAN IACOPINO & HICKEY

Date: March 10, 2017         By: /s/ Jaye L. Rancourt
                              Jaye L. Rancourt, Esq. (Bar no. 14235)
                              85 Brook Street
                              Manchester, NH 03104
                              (603) 668-8300
                              jrancourt@brennanlenehan.com

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that a copy of the foregoing Sentencing Memorandum and Motion for a Booker Variance has been forwarded, even date herewith, via ECF to: Assistant United States Attorney Karen Burzycki, United States Attorney's Office, James C. Cleveland Federal Bldg., 55 Pleasant St., Room 352, Concord, NH 03301-3941 and United States Probation Officer Scott Davidson, United States Probation Department, Warren B. Rudman US Courthouse, 55 Pleasant St., Room 211, Concord, NH 093301.

                                                   /s/ Jaye L. Rancourt
                                                   Jaye L. Rancourt, Esq.