UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                              )<br>)<br>JUDITH BAYLY,                         )<br>)<br>  Defendant.                           ) | No. 1:15-CR-00179-SM |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by John J. Farley, Acting United States Attorney for the District of New Hampshire, submits its response to the defendant's request that she be sentenced to a one-year period of probation, payment of $100 per month toward restitution, and a $200 special assessment.  While the parties agree that a sentence of one year of probation and an order of restitution to the Social Security Administration (SSA) is appropriate, for the reasons advanced below, the Government respectfully maintains that a Final Order of Forfeiture consisting of a personal money judgment against the defendant in the amount of $17,728 should be incorporated into the defendant's sentence.  This sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing delineated in Title 18, United States Code, Section 3553(a)(2).

ARGUMENT

On June 13, 2016, a jury found the defendant guilty of one count of Concealing Events Affecting the Right to Payment of Social Security Benefits in violation of Title 42, United States Code, Section 1383a(a)(3), and one count of Theft of Public Money in violation of Title 18, United States Code, Section 641.  These offenses are grouped for guideline calculation purposes, and the base offense level for a violation of these statutes is six.  United States Sentencing

Guidelines (U.S.S.G.) §§ 2B1.1(a)(2), 3D1.2(d).  Because the defendant stole $17,728 in Social Security benefits, the offense level is increased by four, resulting in an adjusted offense level of ten.  U.S.S.G. § 2B1.1(b)(1)(C).  Although the defendant maintains that she has accepted responsibility for her conduct "by negotiating, through counsel, the terms for payment of restitution and applying for a reverse mortgage to fund said payment," (ECF Doc. 42-3 at 2), such actions do not qualify the defendant for the two-level decrease contemplated by Section 3E1.1(a) of the sentencing guidelines.  See U.S.S.G. § 3E1.1, Note 1.  Further, while the defendant's prior counsel advised the undersigned on August 25, 2016, that the defendant would be applying for a reverse mortgage to satisfy her restitution obligation and the pending money judgment, no additional information was provided.  A payment plan was neither negotiated nor implemented.  As a result, the total offense level is ten and the defendant's Criminal History Category is I.  These calculations yield a guideline range of six to twelve months in Zone B of the Sentencing Table.

     A sentence within the applicable advisory guideline range may be satisfied by: (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one month is satisfied by imprisonment; or, (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in U.S.S.G. § 5C1.1(e).  U.S.S.G. § 5C1.1(c).  However, a sentence of one year of probation, achieved through a statutory variance, is the appropriate disposition of this case.

The defendant is currently 65-years-old and has one prior conviction for Welfare Fraud from June 9, 2015. (Presentence Investigation Report (PSR) ¶¶ 34, 40). A letter from her primary care physician confirmed that she has been diagnosed with several health conditions, including diabetes, hypertension, asthma, hyperlipidemia, sleep apnea, and an atrioventricular block, which required implantation of a pacemaker in July 2015. (PSR ¶ 45). The defendant is prescribed several medications and she reportedly requires treatment with a continuous positive airway pressure (CPAP) machine and a nebulizer. (PSR ¶ 46). She uses a motorized wheelchair. (PSR ¶ 45). The defendant also has been diagnosed with Major Depression Disorder and Generalized Anxiety Disorder, conditions for which she participates in weekly outpatient psychotherapy. (PSR ¶ 47).

Despite these mitigating factors, a one-year period of probation is necessary to address the seriousness of the defendant's criminal conduct. The defendant applied for Supplemental Security Income benefits on August 19, 2008, and indicated during the application process that she did not receive help or money from any person not living with her, and that she did not receive or expect to receive any income other than benefit payments made by Social Security. (PSR ¶ 8). She was advised of the requirement to report any change in circumstances to SSA within ten days after the end of the month in which the change occurred. She also was told that any changes in income or help received from others must be reported to SSA. SSA reminded the defendant of her obligation to report any change in income in December 2008, when SSA advised the defendant that her application for benefits had been approved, and in November 2011, November 2012, and December 2013, when SSA advised the defendant of changes to her monthly benefit amount due to a rise in the cost-of-living. (PSR ¶¶ 9, 10).

Notwithstanding the repeated reminders of her reporting obligations as a recipient of Supplemental Security Income benefits, the defendant concealed her receipt of alimony payments from SSA.  (PSR ¶¶ 11, 15).  She did not report her alimony to SSA at the time she applied for benefits in August 2008, despite receiving an alimony payment of $1,500 that same month.  (PSR ¶ 16).  She did not report receiving alimony when she filed an Amendment to her Application in November 2008, and she failed to report this income to SSA in 2009, 2010, 2011, and 2012, despite her obligation to do so.  When she completed a "Redetermination Summary for Determining Continuing Eligibility for Supplemental Security Income Payments" in February 2013, the defendant reported that she began receiving alimony in January 2013 in the amount of $600 per month when, in fact, she was receiving $3,600 per month.  (PSR ¶¶ 11, 16).  Similarly, when speaking with a SSA Claims Representative in February 2014, the defendant under-reported her alimony, again, stating that she had been receiving $3,000 per month in alimony payments for the past year to year and one-half.  (PSR ¶¶ 14, 16).

The defendant concealed her receipt of alimony for over four years and under-reported the amount of alimony she received in 2013 and 2014.  Due to the defendant's misrepresentations to SSA, SSA continued to pay her Supplemental Security Income benefits to which she was not entitled.  Depending upon the amount received in a given month, the defendant's receipt of alimony would have reduced the amount of benefit payments she received in some months, and precluded all eligibility in other months.  She was aware that she was required to report the alimony to SSA.  (PSR ¶¶ 8, 9, 10).  Her failure to report the true amount of alimony she received during redeterminations in February 2013 and February 2014 evidence the defendant's understanding of her reporting responsibilities and the impact of her alimony payments on her eligibility.  (PSR ¶¶ 11, 14, 16).  Despite receiving monthly alimony payments

in amounts ranging from $300 to $3,600, the defendant continued to collect Supplemental Security Income benefits each month. The calculated measures undertaken by the defendant to conceal her alimony from SSA for several years warrant the imposition of a sentence of one year of probation.

The defendant's crimes created a financial loss to SSA in the amount of $17,728. Restitution is mandatory pursuant to Title 18, United States Code, Section 3663A(c)(1)(A)(ii). The Government respectfully asks that the Court impose a restitution order in the amount of $17,728 to SSA. The Government recommends that the Court impose this as a condition of probation. Given the defendant's current financial condition, as outlined in the PSR, the Government respectfully asks the Court to order the defendant to make monthly payments of $200 toward the restitution. (PSR ¶¶ 52, 56).

On July 15, 2016, the Government filed a <u>Motion for an Order of Forfeiture</u> (ECF Doc. 32), asking the Court to enter a <u>Final Order of Forfeiture</u> consisting of a personal money judgment against the defendant in the amount of $17,728. The entry of a <u>Final Order of Forfeiture</u> in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. <u>See</u> <u>United States v. Misla-Aldarondo</u>, 478 F.3d 52, 73-74 (1st Cir. 2007); <u>United States v. Hall</u>, 434 F3d 42, 59-60 (1st Cir. 2006); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 42 (1st Cir. 1999).

The defendant sought and received an extension of time to respond to the Government's <u>Motion</u>. (ECF Doc. 33). While the defendant now argues that she does not have the financial ability "to pay any forfeiture judgment all at once," she has never objected to the Government's <u>Motion</u>. (Def.'s Mot. (ECF Doc. 44) at 4). Further, her ability to satisfy the money judgment is

irrelevant. A defendant is fully liable to satisfy a money judgment whether or not she still has the original stolen funds and whether or not she has any funds at all. <u>Misla-Aldarondo</u>, 478 F.3d at 73-74. Accordingly, the Government requests that the Court enter a <u>Final Order of Forfeiture</u> consisting of a personal money judgment against the defendant in the amount of $17,728.

CONCLUSION

The Government respectfully asks that the Court sentence the defendant to a one-year period of probation, order the defendant to make restitution to SSA in the amount of $17,728, enter a <u>Final Order of Forfeiture</u> consisting of a personal money judgment against the defendant in the amount of $17,728, and impose a special assessment of $200. This sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing delineated in Title 18, United States Code, Section 3553(a)(2).

Respectfully submitted,

JOHN J. FARLEY
Acting United States Attorney

By: <u>/s/ Karen B. Burzycki</u>
Karen B. Burzycki
Special Assistant U.S. Attorney
United States Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH 03301
603.230.2573
karen.burzycki@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on March 16, 2017, a copy of the foregoing <u>Government's Response to Defendant's Sentencing Memorandum</u> has been served electronically, through ECF, on Jaye L. Rancourt, Esq., Brennan Lenehan Iacopino & Hickey, 85 Brook Street, Manchester, NH 03104, counsel for the defendant, and through email on United States Probation Officer Scott Davidson.

                                        <u>/s/ Karen B. Burzycki</u>
                                        Karen B. Burzycki
                                        Special Assistant U.S. Attorney